WO
WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John BC Doe,<br><br>    Plaintiff,<br><br>v.<br><br>Byzantine Catholic Diocese of Parma, *et al.*,<br><br>    Defendants. | No. CV-21-01424-PHX-JJT<br><br>**ORDER** |

At issue are Plaintiff John BC Doe's Motion to Remand (Doc. 13), to which Defendant Byzantine Catholic Diocese of Parma, aka The Eparchy of Parma (the "Eparchy") filed a Response (Doc. 21); Defendant Roman Catholic Church of the Diocese of Phoenix's (the "Diocese") Motion to Dismiss (Doc. 25) and Request for Judicial Notice (Doc. 26), to which Plaintiff filed a Response (Doc. 28) and the Diocese filed a Reply (Doc. 30); and the Eparchy's Motion to Dismiss (Doc. 19), to which Plaintiff filed a Response (Doc. 27) and the Eparchy filed a Reply (Doc. 29). The Court resolves these Motions without oral argument. *See* LRCiv 7.2(f).

**I.     BACKGROUND**

On December 29, 2020, Plaintiff filed suit in Arizona state court raising negligence claims against named Defendants the Eparchy and St. Stephen Byzantine Catholic Cathedral ("St. Stephen"), alleging that Alexander Nanko—an employee of the Eparchy and St. Stephen—sexually abused him when he was between the ages of 10 and 14, from 1970 to 1974. (Doc. 1-7.) Plaintiff alleged that he "was raised in a Byzantine Catholic

family and attended St. Stephen, in Phoenix, during the years that St. Stephen was under the authority and control of the Eparchy of Parma." (Doc. 1-7 ¶ 15.)

On July 22, 2021, Plaintiff voluntarily dismissed his claims against St. Stephen, the Arizona Defendant. On August 17, 2021, the Eparchy—an Ohio Defendant—removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff then filed the First Amended Complaint ("FAC") to add another Arizona Defendant—the Diocese—but errantly filed that pleading in state court; Plaintiff ultimately filed the FAC in this Court on October 1, 2021 (Doc. 18, FAC). Because the addition of the Diocese as Defendant, if proper, would destroy diversity jurisdiction, Plaintiff filed a Motion to Remand. (Doc. 13.)

In the FAC, Plaintiff alleges that, in addition to working for St. Stephen, Nanko was also an employee of the Diocese and principal of Gerard Catholic High School, although the FAC contains no allegations connecting Plaintiff to either of those organizations. Thus, Plaintiff's Motion to Remand (Doc. 13) is essentially opposed by both the Eparchy—which argues in its Response (Doc. 21) that the addition of the Diocese as Defendant is futile because there is no connection between Plaintiff and the Diocese—and the Diocese—which moves to dismiss for the same reason and because Plaintiff's claims against it are time barred (Doc. 25).

Separately, the Eparchy moves to dismiss the claims against it, arguing that the FAC does not contain sufficient allegations to raise a plausible inference of the requisite knowledge on the part of the Eparchy. (Doc. 19.) The Court now addresses these issues in turn.

**II.    THE DIOCESE'S MOTION TO DISMISS**

The Court begins with the Diocese's Motion to Dismiss (Doc. 25), because its outcome also resolves Plaintiff's Motion to Remand (Doc. 13).

In 2019, the Arizona Legislature enacted "window" legislation allowing claims involving sexual contact with a minor that would otherwise be time barred under an applicable statute of limitations to be "revived and . . . commenced before December 31,

2020." Ariz. Laws 2019, 1st Reg. Session, Ch. 259 § 3(B) (*see also* H.B. 2466). The statute allows an otherwise-expired claim against a perpetrator of sexual abuse, as well as against a non-perpetrator if the victim can show by clear and convincing evidence that the non-perpetrator "knew or otherwise had actual notice of any misconduct that creates an unreasonable risk of sexual conduct or sexual contact with a minor by an employee, a volunteer, a representative or an agent." *Id.* §§ 3(C), (D). Plaintiff's claims against the Diocese—and, for that matter, the Eparchy—fall under the non-perpetrator section of the statute.[1]

Plaintiff first brought his claims against the Diocese in the FAC, which he filed well past the deadline of December 31, 2020, set forth in the statute, but he argues that the Court should apply Federal Rule of Civil Procedure 15(c), allowing relation back of pleading amendments, and Arizona's discovery rule to find that his claims against the Diocese were timely. (Doc. 28 at 4–7.) In an instance such as this where a plaintiff amends the complaint to add claims against a new party, Rule 15(c)(1)(C) provides that the amended complaint relates back to the date of filing of the original complaint if the new party brought in by amendment "received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." The plaintiff must also meet the requirement in Rule 15(c)(1)(B) that "the amendment asserts a claim or defense that arose out the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[2]

Here, Plaintiff has not met the requirements of Rule 15(c)(1)(C), and the Court thus cannot find that Plaintiff's otherwise untimely claims against the Diocese in the FAC relate back to Plaintiff's timely claims against the Eparchy in the Complaint. Plaintiff argues that

---

[1] Nanko, the alleged perpetrator, died over 20 years ago.

[2] In certain instances, a federal court may refer to state law instead of federal law regarding relation back. Because federal and Arizona law are substantively identical in this area, the Court need not analyze or apply Arizona law separately here. *See* Fed. R. Civ. P. 15(c); Ariz. R. Civ. P. 15(c); *Flynn v. Campbell*, 402 P.3d 434, 438 (Ariz. 2017) (interpreting Arizona Rule 15(c) uniformly with Federal Rule 15(c), noting that Arizona Rule 15(c) "is modeled after its federal counterpart").

the Diocese should have known that he would bring claims against it because Nanko was also employed by the Diocese. But Plaintiff includes no non-conclusory factual allegations connecting himself with the Diocese; the alleged fact that Nanko not only worked for the Eparchy (whose church Plaintiff attended) but also for the Diocese does not connect Plaintiff with the Diocese. Without such a connection, the Diocese could not have known Plaintiff would bring an action against it, and indeed the Diocese cannot be considered an inadvertently unnamed "proper party." As a result, Plaintiff's claims against the Diocese in the FAC do not relate back to his filing of the Complaint under Rule 15(c).

In his Response to the Diocese's Motion to Dismiss, Plaintiff also argues that Arizona's discovery rule applies here to delay accrual of his claim. (Doc. 28 at 4–5.) A statute of limitations provides the amount of time after a cause of action accrues that a plaintiff must commence a lawsuit. *E.g.*, A.R.S. § 12-542 (statute of limitations for personal injury, providing that a lawsuit "shall be commenced and prosecuted within two years after the cause of action accrues"). The discovery rule relies on the principle that "a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause of action." *Roe v. Doe*, 955 P.2d 951, 960 (Ariz. 1998). Thus, for example, "the discovery rule delays the accrual of a cause of action based on childhood sexual abuse when the plaintiff retrieves repressed memories of abuse." *Id.*

Here, no statute of limitations is implicated. Rather, as the Diocese points out (Reply at 5), the 2019 window legislation provided a deadline by which a lawsuit must be commenced. As a result, even if the discovery rule were to apply to Plaintiff's alleged discovery of Nanko's employment by the Diocese (which, as indicated above, would be insufficient to name the Diocese as Defendant in any event), the resulting delay in accrual of Plaintiff's claims is of no moment with regard to the deadline set forth in the window legislation, because the deadline is not based on an accrual. For these reasons, the discovery rule does not apply to Plaintiff's claims against the Diocese, and those claims are time barred.

In conjunction with its Motion to Dismiss, the Diocese also filed a Request for Judicial Notice (Doc. 26), asking the Court to take judicial notice of the cases counsel for

Plaintiff timely filed against the Diocese. While the Court agrees that it could take judicial notice of these cases, the Court does not need to rely on them to conclude that Plaintiff's claims against the Diocese are untimely and neither relation back nor the discovery rule work to cure that untimeliness. As a result, the Court will deny as moot the Request for Judicial Notice (Doc. 26).

### III.   PLAINTIFF'S MOTION TO REMAND

In the Motion to Remand, Plaintiff argues that the addition of the Diocese—an Arizona entity—as Defendant destroys the Court's diversity jurisdiction under 28 U.S.C. § 1332, warranting remand. (Doc. 13.) For the reasons stated above, Plaintiff's claims against the Diocese are time barred and invalid, and the Court cannot consider those claims for the purpose of evaluating its subject matter jurisdiction. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045 (9th Cir. 2009). Accordingly, the Court will deny Plaintiff's Motion to Remand (Doc. 13).

### IV.   THE EPARCHY'S MOTION TO DISMISS

The Eparchy moves to dismiss Plaintiff's claims in the FAC because the allegations are insufficient to raise a plausible inference of the requisite knowledge on the part of the Eparchy. (Doc. 19.) As the Court stated above, under the requirements of the window legislation allowing otherwise untimely claims against non-perpetrators of sexual misconduct with a minor, the non-perpetrator must have known or had actual notice "of any misconduct that creates an unreasonable risk of sexual conduct or sexual contact with a minor by an employee, a volunteer, a representative or an agent." Ariz. Laws 2019, 1st Reg. Session, Ch. 259 § 3(C). Because Plaintiff does not allege sufficient facts raising the plausible inference that the Eparchy knew or had actual notice Nanko had engaged in misconduct, the Eparchy contends Plaintiff's claims against it fail.

In Response, Plaintiff argues that the window legislation does not require that the Eparchy knew or had actual notice of Nanko's misconduct, but rather "any misconduct" by any employee, volunteer, representative or agent, anywhere. (Doc. 27 at 3–4.) The Court agrees with the Eparchy that Plaintiff's reading of the statute is implausible and lacks

common sense. Under no legal theory is the Eparchy liable for the acts of one employee based on the prior, unrelated misconduct of another employee. Ultimately, Plaintiff must show by clear and convincing evidence that the Eparchy knew or had actual notice of any misconduct by Nanko that created an unreasonable risk of sexual conduct or sexual contact with a minor. To be clear, the window legislation does not permit a claim against the Eparchy based on a "risk of abuse in general in [its] programs" (FAC ¶ 32), but only based on the level of scienter provided in the window legislation and as applied to Nanko's prior misconduct.

Plaintiff also contends that common law theories not provided for in the window legislation, including vicarious liability and breach of fiduciary duty, apply to make the Eparchy liable for Nanko's alleged sexual misconduct. Again, the only vehicle making Plaintiff's claims timely is the window legislation, and it explicitly provides the theory or theories under which Plaintiff may bring claims. Because none of Plaintiff's alternative theories is contemplated by the window legislation, they do not provide a timely basis for his claims.

The window legislation also does not provide for punitive damages, which Plaintiff concedes, but he argues that in this regard, the legislation violates Article 18, Section 6 of the Arizona Constitution. That Section provides that "[t]he right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation." Ariz. Const. Art. XVIII, § 6. The Arizona Supreme Court has held that Section 6 does not apply to punitive damages; the first clause—the "anti-abrogation" clause—applies only to causes of action (not damages), and the second clause—the "non-limitation" clause—does not apply to protect a plaintiff's right to seek punitive damages. *Cronin v. Sheldon*, 991 P.2d 231, 240 (Ariz. 1999). As a result, Plaintiff may not seek punitive damages in this matter.

The sole remaining question, then, is whether Plaintiff's allegations in the FAC are sufficient to raise the plausible inference that the Eparchy knew or had actual notice of misconduct on the part of Nanko prior to the alleged sexual misconduct with Plaintiff such

that Plaintiff may bring an action for damages under the window legislation. In this regard, Plaintiff alleges the Eparchy "knew, should have known, or were deliberately ignorant that Fr. Nanko committed sexual misconduct before Fr. Nanko sexually abused Plaintiff." (FAC ¶ 26.) This allegation by itself is conclusory.[3] But in considering Plaintiff's allegations regarding widespread sexual misconduct and a culture of secrecy in the Catholic church, the amount of time that has passed since the alleged sexual abuse of Plaintiff, and the fact that Plaintiff was a child at the time of the alleged misconduct, the Court finds Plaintiff's allegation that the Eparchy knew of Nanko's prior misconduct as one "on information and belief" and sufficiently plausible to survive the Eparchy's Motion to Dismiss. Plaintiff will have the opportunity in discovery to seek clear and convincing evidence of the Eparchy's knowledge or actual notice.

**IT IS THEREFORE ORDERED** denying Plaintiff John BC Doe's Motion to Remand (Doc. 13).

**IT IS FURTHER ORDERED** granting Defendant Roman Catholic Church of the Diocese of Phoenix's Motion to Dismiss (Doc. 25) and dismissing Plaintiff's claims against it as time barred.

**IT IS FURTHER ORDERED** denying as moot Defendant Roman Catholic Church of the Diocese of Phoenix's Request for Judicial Notice (Doc. 26).

**IT IS FURTHER ORDERED** granting in part and denying in part Defendant Byzantine Catholic Diocese of Parma's Motion to Dismiss (Doc. 19). Plaintiff's claims against this Defendant are dismissed to the extent they are based on common law theories of vicarious liability and breach of fiduciary duty and to the extent Plaintiff seeks punitive damages. Plaintiff may proceed to discovery but, under the applicable legislation, Plaintiff

. . . .

. . . .

---

[3] The Court reiterates that the scienter standard in the window legislation is that the Eparchy "knew or otherwise had actual notice" of prior misconduct. That the Eparchy "should have known" or was "deliberately ignorant" are not sufficient for Plaintiff to bring a claim under the statute.

1  may only seek damages against this Defendant if he can show by clear and convincing
2  evidence that Defendant knew or had actual notice the perpetrator had engaged in
3  misconduct prior to such misconduct with Plaintiff.
4      Dated this 24th day of May, 2022.

                                      Honorable John J. Tuchi
                                      United States District Judge